**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 6, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

NICHOLAS VALDEZ,

      Petitioner–Appellant,

v.

RICHARD SMELSER; JOHN W.
SUTHERS, The Attorney General for
the State of Colorado,

      Respondents–Appellees.

No. 11-1184

(D.C. No. 09-CV-02203-MSK)

(D. Colo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

---

Petitioner, a state prisoner proceeding pro se, seeks a certificate of appealability to appeal the district court's denial of his § 2254 habeas petition.

Petitioner was convicted in 2004 of attempted first degree murder after deliberation, menacing, and third degree assault. His conviction and sentence were affirmed on direct appeal, and the Colorado Supreme Court denied certiorari review. In 2008, Petitioner's motion for post-conviction relief under Colo. R.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Crim. P. 35(a) was denied. This denial was affirmed on appeal, and the Colorado Supreme Court denied certiorari review.

Petitioner filed this § 2254 habeas motion with the district court in 2009. He raised three claims: first, the trial court lacked subject matter jurisdiction to prosecute him; second, he was subjected to double jeopardy; and third, the trial court and district attorney violated his due process rights when they improperly misidentified Petitioner as having a prior conviction in a case two years earlier. The district court ordered dismissal of the first two claims, then dismissed Petitioner's due process claim by separate order.

After carefully reviewing Petitioner's filings and the record on appeal, we conclude that reasonable jurists would not debate whether the district court erred in dismissing Petitioner's claims. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The district court determined that Petitioner had not exhausted his first two claims, but nevertheless ruled on the merits. It found the trial court had jurisdiction over Petitioner because any misidentification of Petitioner for a prior crime was irrelevant to the court's association of Petitioner with the particular crime of which he was now convicted. The district court also determined that Petitioner's double jeopardy claim was similarly without merit because he was not being punished or prosecuted for the "same offense." *See, e.g.*, *Monge v. California*, 524 U.S. 721, 727-28 (1998). As to Petitioner's due process claim, the district court correctly applied Supreme Court and Tenth Circuit precedent to

-2-

conclude that the crux of Petitioner's claim—the trial court's alleged misidentification of Petitioner Nicholas Valdez as Nicholas "Leonard" Valdez—had already been addressed in Petitioner's first two claims. The district court also observed that, although the trial court did cite to a prior criminal case against Petitioner during sentencing, its sentencing decision was not based on the prior conviction but rather on Petitioner's history of escalating violence and his probationary status at the time the instant offense occurred.

Therefore, for substantially the same reasons stated by the district court, we **DENY** the application for a certificate of appealability and **DISMISS** Petitioner's appeals. We **GRANT** Petitioner's motion for leave to proceed *in forma pauperis*.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge